UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE QUINTERO
CONCEPCION,

              Petitioner,

    v.

WARDEN, GLADES COUNTY
DETENTION CENTER,  U.S.
ATTORNEY GENERAL,

              Respondents,

Case No. 2:26-cv-2125-KCD-KRH

                                   /

## ORDER

Petitioner Jorge Quintero Concepcion has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] As best the Court can tell, he claims that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Government has responded in opposition. (Doc. 3.)

This is Concepcion's second petition. The prior case was dismissed for lack of cooperation with removal. *See* Case 2:26-cv-01589-KCD-NPM. Concepcion does not argue that he is now cooperating. Instead, he claims that the Government cannot remove him to a third-country. But that is wrong.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The Immigration and Nationality Act provides for third-country removal. *See* 8 U.S.C. § 1231(b). The INA does not leave an individual without recourse if he objects to his designated destination. The statute provides a framework for contesting removal to a specific third country. *See* 8 U.S.C. § 1231(b). But nowhere in his petition does Concepcion allege—let alone offer evidence to show—that he has formally challenged his proposed removal to Mexico. Instead, he has apparently dug in his heels and refused to physically depart the United States. Because it seems he bypassed the proper legal channels for contesting his destination, the Court accepts he is legally subject to removal to Mexico.

Because Concepcion's petition here recycles the same arguments and has not shown—or even argued—he cooperated with the removal attempt to Mexico that was the basis for the prior denial, the same result applies here. Consequently, the habeas petition is **DENIED WITHOUT PREJUDICE** to Concepcion refiling a new petition should his current detention be unimpeded and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on August 5, 2026.

Kyle C. Dudek
United States District Judge